**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

UNITED STATES OF AMERICA PLAINTIFF

v. No. 4:13CR00283 JLH

HOLLIS G. BROWN DEFENDANT

**OPINION AND ORDER**

Hollis G. Brown has filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Document #19. On October 2, 2013, Brown was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Document #1. On February 5, 2014, Brown pleaded guilty pursuant to the terms of his plea agreement. Document #17. The Court sentenced Brown to 84 months in prison and to one year of supervised release. *Id*. at 2-6. For the following reasons, Brown's motion is denied.

Twenty-eight U.S.C. § 2255 provides prisoners in federal custody a mechanism to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the Court. Relief under section 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). "Unless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusion of law with respect thereto." 28 U.S.C. § 2255(b). Here, the motion and the files and the record of the case conclusively show that Brown is entitled to no relief.

**I.**

Brown argues that his sentence should be vacated and corrected pursuant to *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), which held that the residual clause definition of "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. Document #19 at 4. The guidelines' definition of "crime of violence" includes an identical residual clause, but the Supreme Court has yet to determine its constitutionality. Brown was not sentenced under section 924, but he was subjected to an enhanced advisory guideline sentencing range because he had previously been convicted of a "crime of violence."

The parties stipulated in the plea agreement that U.S.S.G. § 2K2.1(a) applied to Brown. Document #15 at 4. Section 2K2.1(a)(4)(A) establishes a base offense level of twenty if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense . . ." The guidelines defined "crime of violence as" at the time Brown was sentenced as any offense under federal or state law, punishable by imprisonment for a term exceeding one year that–

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another,[1] or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives,[2] *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.[3]

U.S.S.G. § 4B1.2(a) (2013) (residual clause in italics). Brown's prior conviction was for committing

---

[1] Force clause.

[2] Enumerated offenses.

[3] Residual clause.

a Texas felony robbery offense. The issue is whether robbery is a "crime of violence" under the residual clause. If Brown was sentenced under the force clause or if he was convicted of an enumerated offense, then *Johnson* does not apply to his sentence. *See Johnson*, 135 S. Ct. at 2563 ("[This] decision does not call into question [the] application of the Act to the four enumerated offenses."). The application notes following the guidelines state: "'Crime of violence' includes . . . robbery . . . ." U.S.S.G. § 4B1.2 (2013). Congress amended the guidelines in 2016 to include "robbery" as an enumerated offense in the actual guidelines. U.S.S.G. § 4B1.2(a)(2)(2016). But Texas's designation of a particular statute as its "robbery" statute does not necessarily mean that it qualifies as "robbery" under section 4B1.2(a) of the guidelines.

Brown was convicted of violating section 29.02 of the Texas Penal Code, which provides:

> [A] person commits [robbery] if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he: intentionally, knowingly, or recklessly causes bodily injury to another; or intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

TEX. PENAL CODE ANN. § 29.02 (West 2015). The Fifth Circuit held that section 29.02 was an enumerated offense under U.S.S.G. § 2L1.2, because robbery as defined under Texas law "falls within the generic, contemporary meaning of 'robbery.'" *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 379 (5th Cir. 2006) (abrogated on other grounds by *United States v. Rodriguez*, 711 F.3d. 541, 554 (5th Cir. 2013)). *See also, United States v. Ortiz-Rojas*, 575 Fed. Appx. 494, 495 (5th Cir. 2014). Like section 4B1.2(a) of the guidelines, section 2L1.2 does not list "robbery" as an enumerated offense in the body of the guidelines, but lists it in the application notes. *See United States v. Fennell*, No. 3:15-CR-433-L (01), 2016 WL 4491728 at *3 (applying the holding in *Santiesteban-Hernandez* to sections 2K2.1 and 4B1.2 of the guidelines). The Fifth Circuit explained:

> Although the precise state definitions vary, the generic form of robbery 'may be thought of as aggravated larceny,' containing at least the elements of 'misappropriation of property under circumstances involving [immediate] danger to the person.' WAYNE R. LAFAVE, SUBSTANTIVE CRIMINAL LAW § 20.3 intro., (d)(2) (2d ed. 2003). The immediate danger element is what makes robbery 'deserving of greater punishment than that provided for larceny' and extortion, *id.* . . . Although the majority of states focus on an act of force in articulating the requisite level of immediate danger, and the Texas statute focuses on the realization of the immediate danger through actual or threatened bodily injury, the difference is not enough to remove the Texas statute from the family of offenses commonly known as 'robbery.' Rather, the elements of the Texas statute substantially correspond to the basic elements of the generic offense, in that they both involve theft and immediate danger to a person.

*Santiesteban-Hernandez*, 469 F.3d at 380-81. This Court agrees with the Fifth Circuit's characterization of section 29.02 and the Eighth Circuit follows a similar procedure in determining whether an offense designated by state law as an enumerated offense falls within the generic definition of that offense. *See, e.g.*, *United States v. Ossana*, 638 F.3d 895, 900 (8th Cir. 2011) ("[W]e examine the elements of the underlying state offense to determine if the conviction *necessarily* involved 'the use, attempted use, or threatened use of physical force against the person of another,' U.S.S.G. § 4B1.2(a)(1), *otherwise encompassed the generic definition of one of the enumerated offenses in Application Note 1 of the Commentary to section 4B1.2*, or fits within the residual clause of section 4B1.2(a)(2).") (emphasis added). Texas's robbery offense is not a "crime of violence" under the residual clause; rather, it is a "crime of violence" under the enumerated offenses in Application Note 1 of the Commentary to section 4B1.2. Therefore, *Johnson* does not apply to Brown's sentence.

**II.**

By pleading guilty, Brown waived his right to attack his sentence collaterally. It is established in the Eighth Circuit that a knowing and voluntary waiver of collateral-appeal rights is generally enforceable. *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011); *DeRoo v.*

*United States*, 223 F.3d 919, 923 (8th Cir. 2000). "Such a waiver is enforceable when the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and waiver, and enforcement of the waiver would not result in a miscarriage of justice." *Ackerland*, 633 F.3d at 701 (citing *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc)). Brown's plea agreement provides:

> [T]he defendant waives the right to collaterally attack the conviction and sentence pursuant to Title 28, United States Code, Section 2255, except for claims based on ineffective assistance of counsel or prosecutorial misconduct.

Document #15 at 3. The Eighth Circuit has recognized that a valid waiver of post-conviction rights does not prevent a defendant from attacking an illegal sentence. *Ackerland*, 633 F.3d at 702. "A sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or less than the permissible statutory penalty for the crime." *Andis*, 285 F.3d at 729. Because Brown was not sentenced pursuant to the Armed Career Criminal Act's unconstitutionally vague residual clause definition of "violent felony" or even the residual clause of the guidelines definition of "crime of violence"–which the Supreme Court has yet to declare unconstitutional–his sentence was not illegal. Therefore, the Court will enforce the collateral attack waiver. Brown's motion is barred.

**CONCLUSION**

For the foregoing reasons, Brown's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is DENIED. Document #19. No certificate of appealability will be issued.

IT IS SO ORDERED this 15th day of September, 2016.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE